James Howard **MEREDITH**, Plaintiff,

v.

·Charles Dickson **FAIR** et al., Defendants.

Civ. A. No. 3130.

United States District Court
S. D. Mississippi,
Jackson Division.

Dec. 12, 1961.

R. Jess Brown, Vicksburg, Miss., Constance Baker Motley, Derrick A. Bell, Jr., New York City, for plaintiff.

Joe T. Patterson, Atty. Gen. of Mississippi, Ed Cates, Dugan Shands, Asst. Attys. Gen., Charles Clark, P. M. Stockett, Jr., Sp. Asst. Attys. Gen., for defendants.

MIZE, Chief Judge.

Plaintiff, James Howard Meredith, is a member of the Negro race and a citizen of Mississippi. He filed his complaint on behalf of himself and of other Negro students in the State of Mississippi similarly situated. He seeks a preliminary and permanent injunction enjoining the defendants from refusing him admittance to the University of Mississippi and for a declaratory judgment. The defendants in the case are members of the Board of Trustees of State Institutions, the Chancellor of the University of Mississippi, the Dean of the College of Liberal Arts, and the Registrar of the University.

The management and control of the University of Mississippi and all other state institutions of higher learning in the State of Mississippi is vested in the Board.

James Howard Meredith filed his complaint on the 31st day of May, 1961 and alleged that he had been deprived of rights secured to him by the Constitution of the United States in violation of Title 42 U.S.C.A. § 1983. He alleged that the University of Mississippi is limited by policy and custom to students on a segregated basis only. The defendants answered and denied the material allegations of the complaint, particularly that part where he alleged that he was denied admittance solely because of his race. Plaintiff further alleged that certain rules and regulations of the University of Mississippi have been improperly and unconstitutionally applied to him and avers that he was not accepted as a resident undergraduate transfer student solely because he is a Negro. This was denied by the defendants.

Concurrently with the filing of the complaint plaintiff moved for a temporary restraining order without notice. This application for preliminary restraining order without notice was denied by the Court on the ground that

notice of application should have been given to the defendants. Concurrently with the filing of the complaint he also filed a motion for a preliminary injunction and this motion was noticed for hearing on the 12th of June, 1961 at Biloxi, Mississippi, at which time it came on for hearing. This motion specifically related to the summer session of the University of Mississippi beginning June 8, 1961. The motion was called for hearing on June 12 and before the beginning of any proceedings the Court inquired of counsel on both sides as to whether or not the motion was to be heard on affidavits or on oral testimony. Attorney for the plaintiff advised the Court that she desired to proceed on oral testimony and the trial was thereupon begun upon the application for the preliminary injunction. Not having finished the case during that day and because prior to this time other matters had been set for hearing on the following day, the Court recessed this hearing until July 10, 1961. On June 29, 1961 plaintiff filed another motion for preliminary injunction, praying that the Court would enjoin the defendants from refusing to admit plaintiff to the second summer session commencing on July 17, 1961 solely because of his race and color. On July 10, pursuant to the former order of recess, the Court met and at that time was advised that the leading counsel for the defendants was seriously ill and that his physical condition prevented his attendance at the hearing. The Court heard this matter and from the affidavits and from doctors' certificates determined that it would endanger the life of leading counsel if he were compelled to proceed. He is the first Assistant Attorney General of the State and has taken the leading part throughout all hearings and the Court determined that sound discretion dictated out of necessity that it should again recess the hearing to the next available date, which was the 10th of August. On that date counsel for plaintiff announced in open court that she would withdraw her motion for preliminary injunction relating to the date of June 8, 1961 and the Court granted her leave to withdraw that motion and gave her permission to file a later motion, but a later motion was not filed. However, the one that was filed on June 29, 1961 was left pending and it was this motion that was taken up for hearing on August 10 and proceeded to a conclusion on August 16. It is the contention of plaintiff that although the July 17 session—the second summer session—was past, yet it was the duty of the Court to proceed and determine if a preliminary injunction should be granted for the remainder of the summer session or for future terms or sessions of the University of Mississippi. No application had been filed with the authorities of the University of Mississippi other than the one mentioned in the original complaint.

In his original complaint the plaintiff alleged that on the first day of February, 1961 the Registrar of the University of Mississippi received by registered mail an application from the plaintiff for admission to the mid-year or 1961 spring session, which commenced on February 6, 1961. In that application he represented himself to be a citizen of Mississippi, having a permanent address at Kosciusko, in Attala County, Mississippi, and a mailing address in the City of Jackson, Hinds County, Mississippi. In his application he stated that he applied to be classified as a junior in the College of Liberal Arts. The Court finds as a fact that he did make application by that letter and that in response to that request forms for the listing of the names of six alumni residing in the County of plaintiff's residence, who had known plaintiff for at least two years and who would certify him as a person of good, moral character, and would recommend him for admission to the University of Mississippi, but as a matter of fact these forms were never furnished by the plaintiff. Instead, he sent five certificates addressed "To Whom It May Concern", certifying that he was of good moral character, none of which were signed by persons who were alumni of the University of Mississippi. On the 4th day of February, 1961 the Registrar telegraphed plaintiff and all

other applicants whose applications had been received after January 25, 1961 that the University had found it necessary to discontinue consideration of all applications for the Spring, 1961 mid-year semester received subsequent to that date. The facts show that this was due to an overcrowded condition existing in the University classrooms and dormitories, which had been recognized and had been under consideration by the University Committee on Admissions since October, 1960 as a part of an over-all plan to upgrade the quality of educational opportunity afforded by the University. This applied to all applications made after January 25, 1961, without any regard to the race or color of the applicant. The testimony shows without contradiction, and I find as a fact, that many other potential applicants who made inquiry about applications subsequent to February 4 were similarly treated and none were permitted to apply for the Spring, 1961 mid-year semester. The testimony shows, and I find as a fact, that there was no discrimination against any student, and particularly the plaintiff, solely because of his race or color with regard to the action of the University of Mississippi in discontinuing consideration of applications for the Spring, 1961 semester after the January 25, 1961 cut-off date.

By letter dated February 20, 1961 plaintiff responded to the Registrar's cut-off telegram by requesting that his application be considered as an application for admission to the Summer, 1961 session beginning June 8. This letter, as well as all subsequent correspondence, was sent to the University by plaintiff by registered mail with return receipt requested, which is an unusual procedure. Again on March 26 the plaintiff wrote the Registrar admitting that his previous five certificates did not comply with the regulations of the University in that they did not recommend his admission to the University of Mississippi and with this letter he enclosed additional letters from the same five people which referred to his good moral character and also recommended him for admission to the University of Mississippi. On April 12, 1961 plaintiff mailed a letter which was prepared by his attorneys to the defendant, Dr. Lewis, who is Dean of the College of Liberal Arts, which stated that plaintiff concluded that the Registrar had failed to act upon his application solely because of his race and color and requesting Dr. Lewis to review his case. In response to that letter the Registrar on May 9, 1961 sent plaintiff a preliminary evaluation of credits indicating a maximum credit allowance at the University of Mississippi or 48 semester hours out of a total of 90 semester hours offered, according to plaintiff's transfer from Jackson State College. On May 15, 1961 the Committee on Admissions at the University of Mississippi met with eight members in attendance. Only two of these eight members had any knowledge that plaintiff had applied to the University of Mississippi. At this meeting no specific instructions or students were discussed. The Committee at that time adopted several regulations. The action of the Committee taken that day affected the award of credit for military training; acceptance of credits from institutions which are not members of regional accrediting associations; and also problems connected with school credits. The undisputed testimony is that the adoption of these particular regulations were considered in terms of the quality of students transferred to the University and the adoption of the regulations was a means of improving that quality and was simply a part of a continuing study and action by the Committee on Admissions to effect such improvement. The testimony is and I find as a fact that this action was not taken in any attempt direct or indirect, to discriminate against anyone solely on the ground of race or color.

Later, in a letter received by the University on May 16, 1961, plaintiff stated that he desired to have his application treated as a pending application for admission to the summer session beginning with the first term in June, 1961.

Many of the credits tendered by the plaintiff for admission as a transfer student were denied because they did not measure up to the regulations required of all students who applied for admission to the University. The Jackson State College, where plaintiff was in attendance, was not a member of the Southern Association of Colleges and Secondary Schools.

■ Plaintiff contends and alleges that he is a citizen of Attala County, Mississippi. The defendants denied this and they contend that he was a non-resident of the State of Mississippi and not a resident citizen of this State, and they cross examined him at length about his various movements and activities. Defendants contend that while he was born in Mississippi, yet he changed his domicile either to Michigan or Indiana and that he never did move back to Mississippi as a citizen, but only came back as a student. On cross examination it was shown that he was married to an Indiana girl and that he claimed Michigan as his residence; that he enlisted in the Army from the State of Michigan and not from the State of Mississippi. Defendants further brought out on cross examination that after he entered Jackson State College at Jackson, Mississippi, he registered in Hinds County, Mississippi and that when he registered in Hinds County, Mississippi he swore falsely that he was a citizen of Hinds County, Mississippi and that this was knowingly done for the purpose of obtaining a registration. He admitted that he knew he was not a citizen of Hinds County, but that he knew he was a citizen of Attala County, and finally, on cross examination, he admitted that he knew he was swearing falsely when he swore to the Registrar of Voters in Hinds County, Mississippi that he was a citizen of that county. He stated that he had always claimed Attala County as his domicile and still claims it as his domicile. As a result of his false swearing the record shows that he was registered as a voter in Jackson, Hinds County, Mississippi. In determining whether he is a resident of Mississippi

or a non-resident of Mississippi I have taken this evidence into consideration, along with all of the other evidence touching on that question. The testimony shows without conflict that he was born and reared in Kosciusko, Attala County, Mississippi; that he finished High School there and thereafter took courses in other schools and while he was in the service, but that during all this time he claimed Attala County as his domicile. The record further shows that while he was in the Army he made investments back in Attala County, having bought two farms there. The record further shows that in order for one to register as a voter in Mississippi he must be a citizen of the state for a period of two years and a citizen of the county and precinct in which he was to register for a period of one year. It is unnecessary to detail further the testimony touching on this question, but I find as a fact from all of the testimony that he was and is now a citizen of Attala County, Mississippi. This holding is supported by the authorities of State of Texas v. State of Florida et al., 306 U.S. 398, 59 S.Ct. 563, 830, 83 L.Ed. 817.

■ There was a good deal of testimony introduced in the cause, but very little conflict, and the overwhelming weight of the testimony is that the plaintiff was not denied admission because of his color or race. The Registrar swore emphatically and unequivocally that the race of plaintiff or his color had nothing in the world to do with the action of the Registrar in denying his application. An examination of the entire testimony of the Registrar shows conclusively that he gave no consideration whatsoever to the race or the color of the plaintiff when he denied the application for admission and the Registrar is corroborated by other circumstances and witnesses in the case to this effect. Careful consideration was given to the application and in the honest judgment of the Registrar he did not meet the requirements required of all students at the University. This testimony is undisputed and the testimony of the Registrar was not unreason-

able, but on the contrary was given openly and fairly; and in addition to his testimony, of course there is the presumption of law that an official will perform his duties honestly.

The burden of proof, of course, is upon the plaintiff to prove by a preponderance of the evidence that his admission was denied because of his race or color and this the plaintiff has utterly failed to do. The action taken by the Registrar and the other authorities at the University was not based to any extent at all on his race or color and the plaintiff has failed to meet the burden and the motion for the preliminary injunction should be denied.

An order may therefore be drawn denying the motion for the temporary injunction and the case set for final hearing on its merits on January 15, 1962.