James Howard MEREDITH

v.

Charles Dickson FAIR et al.

Civ. A. No. 3130.

United States District Court
S. D. Mississippi,
Jackson Division.

Feb. 3, 1962.

Constance Baker Motley, Derrick A. Bell, New York City, R. Jess Brown, Vicksburg, Miss., for plaintiff.

Joe T. Patterson, Atty. Gen., Ed Cates, Asst. Atty. Gen., Charles Clark, Sp. Asst. Atty. Gen., for defendants.

MIZE, Chief Judge.

Plaintiff, James Howard Meredith, is a member of the Negro race and a citizen of Mississippi. He filed this suit against the members of the Board of Trustees of State Institutions, the Chancellor of the University of Mississippi, the Dean of the College of Liberal Arts, and the Registrar of the University. He alleged that he sought admission to the University of Mississippi as a resident, under-graduate, transfer student to that Institution and that he was denied admission solely because of his race. The complaint was answered by the Defendants, denying that he was refused admission solely because of his race. A motion for preliminary injunction was filed and a full and complete hearing upon the motion for the preliminary injunction to enjoin the Defendants from refusing to admit him was had by the Court and on December 12, 1961 his motion for preliminary injunction was denied and the Court set the case for final hearing on January 15, 1962. After fully hearing all the evidence and considering the record on the motion for a preliminary injunction the Court held that the Plaintiff was not denied admission because of his race. The Plaintiff filed his notice of appeal from that judgment on December 14, 1961 to the Court of Appeals for the Fifth Circuit, which appeal was heard on January 9, 1962 and the opinion rendered by the Court of Appeals on January 12, 1962, 298 F.2d 696, affirming the judgment of the District Court, and the Court of Appeals denied the motion of the Plaintiff to order the District Court to enter a preliminary injunction in time to secure the Plaintiff's admission to the February 6 term of the University.

The statement of the pleadings and the background of the facts leading up to the filing of the suit are contained in the

opinion of the District Court which was filed on December 12, 1961 and which is reported in 199 F.Supp. 754.

The only question now posed for decision is whether or not the Plaintiff was denied admission to the University of Mississippi solely because of his race or color and only a question of fact appears for determination.

After the Mandate came down from the Court of Appeals a hearing of the controversy was begun in the District Court on the final merits on the 17th of January and was concluded on the 27th of January, and after oral argument was submitted to the Court for decision. During this hearing many additional witnesses testified, principally the parties to the suit, and in addition thereto all the testimony that was given on the hearing for the preliminary injunction was introduced into evidence along with all of the exhibits, and several questions of law relative to procedure were raised.

The Plaintiff obtained a subpoena duces tecum addressed to the Registrar of the University to bring with him certain records pertaining to the admission and denial of all the transfer students from the summer term to the date of the trial. The Defendants moved to quash the subpoena duces tecum, which was overruled, and the Plaintiff moved for an inspection of the documents to be produced under the subpoena duces tecum before placing the Registrar on the witness stand. The Defendants objected to this procedure on the ground that the only way Plaintiff could obtain inspection of the documents was by motion under Rule 34, showing good cause for the inspection and production. The Court overruled this objection and stated that in this particular instance it was permissible to look through the shell of the subpoena to bring with him the documents and go to the substance and that rather than delay the trial to permit a motion under Rule 34, the Court would require the Registrar to bring the applications and all correspondence pertaining thereto with reference to all students from the summer school up to the date of the trial, and would permit the Plaintiff to inspect those documents with-

out making a motion under Rule 34, for the reason that it was apparent that there was sufficient good cause appearing that the Plaintiff would be entitled to inspect the documents with reference to transfer students situated as was the Plaintiff. Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., of course, requires that when one is in possession of documents that are material to the issues in a lawsuit, he may be required to produce them on motion and on showing of good cause, but in this particular case it was proper and not error for the Court to rule as it did. Plaintiff alleges and contends that he was denied admission solely because of his race. Defendants categorically deny that he was denied admission because of his race and aver that his race had no bearing at all on the rejection of his application for admission.

As held on the hearing on motion for preliminary injunction, the evidence overwhelmingly showed that the Plaintiff was not denied admission because of his race. The Plaintiff, during this hearing on the merits, called as adverse witnesses nearly every member of the Board of Trustees, who testified unequivocally and definitely that at no time had the question of the race of a party ever been discussed at a meeting of the Board of Trustees or at any other place and that so far as the members of the Board of Trustees was concerned, all policies and regulations were adopted and followed without regard to race, creed or color, and that at no time was the application of James Meredith, the Plaintiff, ever discussed by any members of the Board of Trustees. The Registrar, who also had testified on the motion for preliminary injunction, again testified to the effect that the question of the race of the Plaintiff was not discussed or considered in any way whatsoever when his application for admission to the University was being considered. All of the other officials of the University testified to substantially the same thing. One member of the Board of Trustees was not used, in addition to a few members who were not called because of ill health.

The effect of this additional testimony heard during the trial on the final merits

strengthens the former finding of the Court that the Plaintiff was not denied admission because of his race, rather than weakens it.

The proof shows on this trial, and I find as a fact, that there is no custom or policy now, nor was there any at the time Plaintiff's application was rejected, which excluded qualified Negroes from entering the University. The proof shows, and I find as a fact, that the University is not a racially segregated institution. Prior to the decision in the case of Brown et al. v. Board of Education of Topeka et al., 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 there was such a custom which was required by the statutes of the State of Mississippi and the Court takes judicial notice of that custom as outlined by the statutes prior to the trial of the Brown case. This custom or doctrine had been approved by the doctrine of the Supreme Court of the United States in the case of Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256. Prior to the Brown decision this was a legitimate and lawful custom and it was within the province of the Legislature to pass those Acts. The proof in the instant case on this hearing fails to show that the application of any Negro or Chinaman or anyone of any other race has been rejected because of his race or color. Under the proof in this case judicial notice, while considered, and properly so, is not enough to meet the burden of proof cast upon Plaintiff to show that he was denied admission because of his race. Judicial notice of facts is not conclusive on factual matters, but is considered along with all the other evidence in the case. Shapleigh v. Mier, 299 U.S. 468, 57 S.Ct. 261, 81 L.Ed. 355; Words & Phrases, Vol. 23, p. 294, and the 1961 pocket part.

The Court takes judicial notice of Sec. 4065.3 of the Mississippi Code of 1942 as amended. This was passed in 1956 and the Act requires the officers to use any lawful, peaceable or constitutional means to prevent the implementation of or the compliance with the integration decisions of the Supreme Court of the United States. The Legislature in passing that Act had in mind to use every legitimate means to prevail upon the Supreme Court of the United States to return to the doctrine of Plessy v. Ferguson, but nowhere are any of the officers required to disobey the decisions of the Supreme Court of the United States. There is nothing in the Act that obligates or casts a burden upon any official to disobey or disregard the decisions of the Supreme Court of the United States or to use any unlawful methods to prevent compliance. All the proof in this case, considered in the light of the opinion of the Court of Appeals affirming the judgment of this Court and denying the preliminary injunction, but holding that it was improper to consider the failure to furnish certificates from the alumni of the University, demonstrates clearly that the Plaintiff was not denied admission because of his race. I have weighed the testimony carefully in the light of the decision of the Court of Appeals and have rejected, in weighing it, the evidence to the effect that he had failed to furnish certificates of the alumni, and have taken judicial notice of the statutes affecting the custom of segregation, and am of the opinion, and find as a fact, that he was not denied admission because of his race. It is rather difficult to determine the weight to be given to judicial notice of facts as differentiated from judicial notice of laws, but giving full consideration to the judicial notice that the policy prior to the decision in the Brown case was to segregate the races, and considering that policy along with all the evidence in this case as of 1961 and 1962, I conclude that the evidence is insufficient to hold that that policy is now in effect.

The burden of proof was upon the Plaintiff to prove by a preponderance of the evidence that there was a policy at the time of his application of denying entry to the University of Mississippi because of race, and to prove by a preponderance of the evidence that such policy was applied to the Plaintiff in order to produce discrimination. The Plaintiff failed entirely to meet that burden, but on the contrary the evidence shows rather conclusively that he was not denied admission because of his race. In the trial

on the merits every witness called by the Plaintiff testified that the race of the Plaintiff was not discussed or considered at all in passing on his application for admission. Each member of the Board of Trustees who was called testified that the question of race was not at any time discussed with any other member of the Board of Trustees concerning the admission of applicants to the University of Mississippi. It is a well accepted rule of law that sworn positive testimony, unless so unreasonable as to be unbelievable, or unless denied by sworn testimony, is to be accepted as true.

Since all of the evidence and all of the exhibits that were introduced into evidence on the trial of the motion for preliminary injunction is now before this Court upon this trial on the merits, I adopt the finding of fact that was made in my opinion of December 12, 1961 as my finding of fact herein, and in addition thereto I find as a fact from all of the additional evidence that was offered on this trial, when considered with all of the evidence offered on the former trial that the Plaintiff was not denied admission because of his race and that the evidence taken in its entirety shows clearly that there was no denial of admission because of his race or color. In adopting the finding of fact which I made in my opinion of December 12, 1961, I am making the same finding after having disregarded those features of it that were eliminated by the Court of Appeals in its decision affirming my judgment.

The Registrar, on cross examination by attorney for Plaintiff, testified that if the application filed by the Plaintiff for admission were considered as still a pending application for admission that he would not accept the application of the Plaintiff, but that his rejection of the application for admission would be based not in the slightest on his race, but that the same rule would be applied if the applicant had been a white person; that the race of the Plaintiff did not enter into his judgment. The Registrar gave as his reason for this statement that credible evidence had been furnished to him since Plaintiff's applications had been presented and

rejected that Plaintiff was a rather unstable person; was depressed at times and of a highly nervous temperament; that the Plaintiff had sworn falsely before the Circuit Clerk of Hinds County in making application to register as a voter, swearing that he was a citizen of Hinds County when, as a matter of fact he knew he was a citizen of Attala County, Mississippi and that through this false affidavit Plaintiff had procured himself to be registered as a voter by the Circuit Clerk of Hinds County, Mississippi; that Plaintiff had filed five certificates by citizens of Attala County, certifying that he was of good moral character and recommending him for admission to the University, but that subsequent investigation showed that in procuring these certificates Plaintiff made false representations to the signers as to the purpose for which he intended to use them, stating to two of the signers in substance that he was without a job and needed these statements to help him get a job.

Some of this evidence was objected to, but was tentatively received in evidence. Since the main question before me is whether the Registrar, an administrative officer of the State of Mississippi, had acted in good faith in his rejection of Plaintiff's application for reasons other than race and since these facts were not known to the Registrar at the time the application was rejected, I have concluded that this testimony should not be considered and have not considered it in reaching my conclusions.

There is one other question of law which was raised prior to the beginning of the trial on the merits that should be commented upon. A motion was filed by the Defendants for the organization of a three-judge court to pass upon the constitutionality of the requirement of the Board of Trustees of State Institutions of Higher Learning that every application for admission to any state institution must be accompanied by recommendations of five alumni. I did not pass upon this question in considering the application for a temporary injunction because of the universal rule that constitutional questions will not be considered if a de-

cision can be reached on non-constitutional questions. In that decision I denied the application for temporary injunction solely on the finding of fact that Plaintiff's application had not been rejected because of his race.

Under the laws of Mississippi this Board of Trustees is a constitutional body and its duties are fixed by Articles V, et seq., Title 24, Vol. 5, Recompiled, of the Mississippi Code, being set forth in Section 6724 and the following sections of that chapter. The Registrar in acting on Plaintiff's application was engaged in the enforcement of an order made by an administrative Board acting under the statutes of Mississippi, but I overruled the motion, declining to request that a three-judge court be convened because the Court of Appeals had, in its opinion, declared these requirements of Mississippi law unconstitutional.

Inasmuch as Plaintiff has failed to meet the burden by showing by a preponderance of the evidence that he was denied admission to the University of Mississippi solely because of his race, the complaint must be dismissed. The Plaintiff undertook to bring the action as a class, acting under Rule 23(a) (3) of the Federal Rules of Civil Procedure, but since Plaintiff failed to maintain this action in his own behalf, he cannot maintain it as a Class Action.