**Dewey R. GREENE, Jr., Appellant,**

v.

**Charles D. FAIR et al., Appellees.**

**No. 20318.**

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1963.

William Kunstler, New York City, for appellant.

Joe T. Patterson, Atty. Gen., of Mississippi, Charles Clark, Jackson, Miss., for appellees.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM.

Upon notice to appellees, the appellant requested an emergency hearing on his "Motion for Injunction and Other Relief Necessary to Effectuate the Judgment and Orders of this Court" pending an appeal from an order issued by the District Court of the Southern District of Mississippi on the 4th day of February, 1963.[1]

The proceedings in which the order was entered were commenced by the appellant, Dewey R. Greene, Jr., a Negro citizen of the state of Mississippi, who, having made application for admission to the University of Mississippi and having been denied such admission by the Registrar, on the final day for registration for the current term filed this proceeding as a member of the class protected by the orders in the case of Meredith v. Fair, D.C., 202 F.Supp. 224 in which the respondents had been enjoined from denying the admission of prospective students on account of race or color. Stressing the time element as it bears upon the desire of appellant to achieve his admission at the earliest college term if he is entitled to being admitted, he here urges this Court to grant him the immediate relief in the nature of an order requiring his admission at the present term, prior to the docketing and hearing of his appeal in this Court. The power of this Court to take such extraordinary action is asserted to lie under 28 U.S.C.A. § 1651 (commonly known as the All Writs Statute),[2] and Rules 62(c) and 62(g) of the Federal Rules of Civil Procedure.[3]

---

1. This order in its entirety is as follows:

"It is ordered by the Court that further proceedings in this matter be stayed until the plaintiff petitioner in this matter exhausts his administrative remedies by appealing to the Commission on Admissions of the University of Mississippi, for the reasons set out in the opinion of the Court delivered on February 4, 1963."

In the opinion accompanying the order the trial judge said:

"So, without going further into it, in order to conclude this trial, the Court will abstain from passing on the question pending here until the petitioner prosecutes his appeal to the Committee on Admissions, and unless that Committee acted promptly, the Court then would act on the record. They are entitled to review the record on appeal and if it acts promptly and should admit him, that ends this lawsuit. If it is denied, I will pass upon the record as made."

2. "§ 1651. Writs

"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

"(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction." 28 U.S. C.A. § 1651.

3. Rule 62(c) clearly applies only to the power of a district court and is, therefore, inapposite here. Rule 62(g) provides as follows:

"(g) Power of Appellate Court Not Limited. The provisions in this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or

The relief sought here is extraordinary relief. It is granted only in exceptional cases.

Upon oral argument, counsel for appellant conceded that it should be granted in this case only if, on the record presented before us, this Court should hold as a matter of law that the action of the Registrar constituted a violation of the Meredith injunction.

The reason for the sparing use of this power is apparent. Litigants are given the opportunity to try their cases in a district court and they are given an unlimited right of appeal to the Courts of Appeal. The rules of this Court make possible a prompt hearing of all regularly docketed appellate cases. The rules provide for accelerated hearings in cases in which cause therefor is shown. The vindication of private rights by litigation necessarily entails some delay. Laymen and courts alike regret any delay in the vindication of a right that is not the natural and proper result from the orderly handling of the litigation. Historically and traditionally within our system of justice, appellate procedure calls for the docketing of a case, the furnishing of the transcript of the record to the appellate judges, a full briefing by the appellant, with an opportunity for response to be made by the appellee, and oral argument after consideration of the records and briefs by the Court. The time required to prosecute an appeal in this manner is recognized by all to be time well spent in the ordinary case.

■ Unless an appellant can demonstrate to the court on such an emergency motion as this that there is great likelihood, approaching near certainty, that he will prevail when his case finally comes to be heard on the merits, he does not meet the standard which all courts recognize must be reached to warrant the entering of an emergency order of this kind.

■ The absence of any specific findings of fact on the true issue in controversy, the appellees' contention that this Court lacks jurisdiction of the appeal by reason of the fact that the order entered by the trial court was not such final order as must be the basis of an appeal to this Court, the question of reasonableness of the trial judge's requirement that an appeal be made by the appellant to the admissions Committee before entering his final order, are all matters that must be given consideration by the Court when the appeal is reached on the merits. There may be others. In any event, it is apparent that appellant has not satisfied the strict and rigid requirements that must be met for the Court to grant an injunction or other mandatory order of its own before the case has come on in regular course for consideration on the merits.

The motion is, therefore, denied.

the effectiveness of the judgment subsequently to be entered."