The UNITED STATES of America,
Plaintiff,

v.

Melvin BRUCE, Defendant.

No. WCR6310.

United States District Court
N. D. Mississippi, W. D.
May 16, 1963.

**134**

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for United States.

J. B. Stoner, Atlanta, Ga., for defendant.

CLAYTON, District Judge.

The defendant, Melvin Bruce, has filed three motions, all of which are for disposition on memorandum briefs of the parties. These are a motion to inspect minutes of the Grand Jury; a motion which is designated a motion for a bill of particulars and a motion to dismiss the indictment [1].

■■ Since it could be decisive of the other two, the motion to dismiss the

---

1. The indictment is in two counts, substantially as follows:

Count One of the indictment charges that on or about the 30th day of September, 1962, in Lafayette County, in the Northern District of Mississippi, Melvin Bruce did knowingly, wilfully, feloniously and forcibly resist, oppose, impede and interfere with United States Deputy Marshals, the identity of said Marshals being to the Grand Jury known but not set forth herein, while the said United States Deputy Marshals were engaged in the performance of their official duties, to-wit, the enforcement of the order of the Fifth Circuit Court of Appeals in the action of Meredith v. Fair, et al., 306 F.2d 374, and the order of the District Court for the Southern District of Mississippi, in the action of Meredith v. Fair, et al., 202 F.Supp. 224,

well knowing that said United States Deputy Marshals were officers of the United States, in violation of Title 18, United States Code, § 111.

Count Two of the indictment charges that on or about September 30, 1962, in Lafayette County, in the Northern District of Mississippi, Melvin Bruce, by threats and force did wilfully obstruct, impede and interfere with the performance of duties of the United States Deputy Marshals, in the execution of an order of the Fifth Circuit Court of Appeals in the action of Meredith v. Fair, et al., 306 F.2d 374, and the order of the District Court for the Southern District of Mississippi, in the action of Meredith v. Fair, et al., 202 F.Supp. 224, in violation of Title 18, United States Code, § 1509.

indictment is dealt with first. Although seven grounds are specified in this motion, it is sufficient to say that an indictment must be a plain, concise and definite written statement of the essential facts constituting the offense charged, and not contain any other matter not necessary to such a statement. F.R.Cr.P. 7(c) and United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953). Under the Federal Rules of Criminal Procedure, charging an offense in the language of the statute so as to put the defendant on notice of the accusation against him is all that is required. Lynch v. United States, 189 F.2d 476, 479 (5 Cir., 1951). The facts constituting the offense need not be stated in detail. Butzman v. United States, 205 F.2d 343, 348 (6 Cir., 1953), certiorari denied, 346 U.S. 828, 74 S.Ct. 50, 98 L.Ed. 353 (1953). See also Bennett v. United States, 285 F.2d 567, 571 (5 Cir., 1960), certiorari denied, 366 U.S. 911, 81 S.Ct. 1087, 6 L.Ed.2d 236 (1961).

■ Although the language of the statute (18 U.S.C. § 111), under which some of the acts with which the defendant is charged are made crimes, does not require that the defendant should have knowledge that the person assaulted, resisted, opposed, impeded, intimidated or interfered with is a federal officer [2], nevertheless, Count One charges that the defendant "did knowingly, wilfully (resist, etc.) * * * well knowing that said United States Deputy Marshals were officers of the United States". And, Count Two charges that the defendant "did wilfully obstruct * * *" and the word "wilful" means that the forbidden act is done deliberately and with knowledge. McBride v. United States, 225 F.2d 249, 253–255 (5 Cir., 1955), certiorari denied 350 U.S. 934, 76 S.Ct. 306, 100 L.Ed. 816 (1956).

■ The adverb "forcibly" as used in 18 U.S.C. § 111, modifies each of the verbs which succeed it. Long v. United States, 199 F.2d 717, 719 (4 Cir., 1952). Count One uses the very words of the statute, charging that the defendant did "forcibly resist, oppose, impede * * ", while Count Two alleges that the offense therein charged was committed "by threats and force".

Other points raised in the motion to dismiss and not thus far dealt with will be considered in connection with the motion called a motion for bill of particulars. However, from what has been said, it seems plain that the motion to dismiss is not well taken.

■ By the last mentioned motion, the defendant seeks a list of witnesses for the prosecution; the identity of the Deputy Marshals; details of the acts which it is claimed defendant did under both counts of the indictment; the place in Lafayette County, Mississippi where the defendant's conduct is said to have occurred, including (if within a municipality) the name of the street and the street number; the names and addresses of all who have given written statements to the government and a certified copy of the two court orders mentioned in the indictment.

■ An indictment which charges that an offense was committed within a federal district, without specifying a county or a division, is sufficiently definite. Butler v. United States, 197 F.2d 561, 563 (10 Cir., 1952); Burk v. United States, 179 F.2d 305, 306 (4 Cir., 1950). The precision and detail approved in Partson v. United States, 20 F.2d 127 (8 Cir.) cited by defendant are no longer required. Lowrey v. United States, 161 F.2d 30, 35 (8 Cir.), certiorari denied, 331 U.S. 849, 67 S.Ct. 1737, 91 L.Ed. 1858 (1947). The details, sought by defendant, of the way in which the crime was committed do not go to the description of the offense, but, in effect, call on the government to advise the defense of its proof. This may not properly be required. Pines v. United States, 123 F.

---

2. Bennett v. United States, supra.

2d 825, 828 (8 Cir., 1942). See also Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Johnson v. United States, 207 F.2d 314, 320 (5 Cir., 1953); Fredrick v. United States, 163 F.2d 536, 545 (9 Cir., 1947). And, it almost goes without saying that he is not entitled to copies of statements given to the government by all who have been interviewed respecting this case. 18 U.S.C. § 3500. Pre-trial demands for such statements are properly denied. In fact, such statements are not available to the defense until the person making such a statement has been tendered and used as a witness by the prosecution. Some cases which shed some light in this area are Ogden v. United States, 303 F. 2d 724, 734 (9 Cir., 1962); Johnston v. United States, 260 F.2d 345, 347 (10 Cir., 1958).

 He is not entitled to a list of the witnesses for the government except in a capital case. Cordova v. United States, 303 F.2d 454, 455 (10 Cir., 1962); Dean v. United States, 265 F.2d 544, 547 (8 Cir., 1959); Bohn v. United States, 260 F.2d 773, 778 (8 Cir., 1958), certiorari denied, 358 U.S. 931, 79 S.Ct. 320, 3 L.Ed.2d 304 (1959). And, the names of the Deputy Marshals against whom it is charged defendant committed the crimes are not an essential element of the offense, and, therefore, need not be stated nor furnished. Baker v. United States, 115 F.2d 533, 538 (8 Cir., 1940), certiorari denied, 312 U.S. 692, 61 S.Ct. 711, 85 L.Ed. 1128 (1941).

The court orders mentioned in the indictment are referred to therein by the style and docket number of the two cases, one a Court of Appeals case and the other a District Court case. These records are as available to defendant as they are to the government and, hence, it would be improper to order the government to furnish to defendant certified copies of documents which he himself can obtain.

3. Parr v. United States, 265 F.2d 894, 902 (5 Cir.), reversed on other grounds,

 It seems, then, that defendant is not entitled to any of the relief asked and thus far discussed. And, with the exception of cases in which the defendant is charged with committing perjury before the Grand Jury[3], the defense is not entitled to inspect the minutes of the Grand Jury prior to trial. United States v. Proctor and Gamble, 356 U.S. 677, 681–683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

All three of defendant's motions must and do fail. Order is being entered in accordance with this opinion.

363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed. 1277 (1959).