United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11088
Conference Calendar

_____

JOHN EDWARD TWEEDY,

Plaintiff-Appellant,

versus

JOHN CORNYN, Attorney General; GERALD GARRETT, Chairman,
Board of Pardons and Paroles; JANIE COCKRELL,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-254-R
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Edward Tweedy, TDCJ-ID #326250, has filed _pro se_
motions for a restraining order and to proceed _in forma pauperis_
("IFP") on appeal.  His 42 U.S.C. § 1983 complaint was dismissed
as frivolous below, and the district court denied IFP status on
appeal by certifying that his appeal was not taken in good faith.
See 28 U.S.C. § 1915(a)(3).

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Tweedy first seeks a restraining order requiring that officials:  cease housing him with inmates of other races in order to interfere with his legal activities, refrain from interfering with his legal mail, protect his legal materials from loss in the event of a prison transfer, and return certain confiscated property.  This court grants injunctive relief "only in exceptional cases."  See Greene v. Fair, 314 F.2d 200, 201-02 (5th Cir. 1963).  Because he has not filed a motion in the district court seeking injunctive relief for the confiscation of his property, we do not consider it here.  See FED. R. APP. P. 8(a).  Tweedy also has not demonstrated that a failure to grant the remainder of his requested relief will result in "irreparable injury."  See Lindsay v. City of San Antonio, 821 F.2d 1103, 1107 (5th Cir. 1987).  The particular relief he requests relates to interference with his legal activities; despite the alleged interference, Tweedy has been able to file numerous legal pleadings and documents.  Tweedy has not shown that a failure to enjoin this interference would prevent him from filing a necessary document in any pending or future action.  His motions for a restraining order are DENIED.

By seeking IFP status in this court, Tweedy is challenging the district court's certification that his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on

their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation and citation omitted).

Tweedy first argues that the district court erred in dismissing his "official capacity" claims against the defendants. To the extent the defendants were sued in their official capacities, the dismissal of these claims was not error, and any appeal would be frivolous. See Hafer v. Melo, 502 U.S. 21, 25 (1991) (suits against a state official in his official capacity are really directed against the state); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-99 (1984) (suits against the state generally are prohibited by the Eleventh Amendment). Tweedy's IFP brief does not address the district court's dismissal of his claims against the defendants in their individual capacities; therefore, he has abandoned the issue of whether that dismissal involves issues that are arguable on the merits and not frivolous.

Tweedy next asserts that he intends to appeal the allegedly improper transfer of his complaint to another district. Because venue would have been proper in either district, and because the decision to transfer was within the discretion of the district court, any such appeal would be frivolous. See 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a), (b).

After several adverse rulings in the district court, Tweedy filed an "Affidavit of Bias under 28 [U.S.C.] § 144." His IFP

brief asserts that the district court's denial of IFP on appeal is "more evidence to support" his claims of bias.  Judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or demonstrate such a high degree of antagonism as to make fair judgment impossible. See Liteky v. United States, 510 U.S. 540, 555 (1994).  Adverse rulings alone do not call into question a judge's impartiality. Id.  Tweedy's allegations of bias are conclusional and not supported by any evidence.

Tweedy's IFP brief fails to identify any issue that is arguable on its merits and not frivolous.  See Howard, 707 F.2d at 220.  His motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the dismissal of the complaint as frivolous by the district court both count as "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Tweedy is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

MOTIONS FOR RESTRAINING ORDERS DENIED; IFP MOTION DENIED; APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.