**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 16, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41622
Summary Calendar

JAMES GREGORY LYNN,

Plaintiff-Appellant,

versus

TRACEY P. ALLEN, Case Manager III; JODY
HATCH, Captain; MICHAEL DABNEY, Captain;
LEN FOXWORTH, Substitute Counselor;
CLARENCE MOSLEY, Assistant Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-538
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

James Gregory Lynn, Texas prisoner # 636695, appeals the
district court's dismissal of his civil rights action as
frivolous and for failure to state a claim. He moves for this
court to grant him a restraining order; this motion is DENIED.
See Greene v. Fair, 314 F.2d 200, 201 (5th Cir. 1963).

Lynn asserts that he was denied due process when he was
placed in administrative segregation prior to a hearing on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

disciplinary charge for possession of a weapon and during the hearing itself.  Because Lynn has no interest in his custodial classification, his prehearing detention does not violation due process.  Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998).

Lynn also asserts that he was denied due process at his disciplinary hearing and that there was no evidence to support his disciplinary conviction.  He is not entitled to relief on these grounds because he has not established that his disciplinary conviction has been overturned or vacated.  Edwards v. Balisok, 520 U.S. 641, 648-49 (1997).

Lynn's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, we DISMISS Lynn's appeal as frivolous.  See 5TH CIR. R. 42.2.  This dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous and for failure to state a claim constitute two "strikes" for the purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  If Lynn obtains three "strikes," he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED.