# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2015

Lyle W. Cayce
Clerk

JESSE FRANK LARA,

Plaintiff-Appellant

v.

JOE SHANNON, District Attorney - Tarrant County; BRAD LIVINGSTON; STEVEN C. MCCRAW, Director, Department of Public Safety; JAMES W. LANE; PAUL A. CONNER; JUDGE ROBB CATALANO; DEBRA SPISAK; HONORABLE ROBERT K. GILL, Assistant District Attorney,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-719

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jesse Frank Lara, Texas prisoner # 1863734, filed a 42 U.S.C. § 1983 suit claiming that his 1993 judgment of conviction and all subsequent criminal proceedings are void because he was represented by an unauthorized attorney during the 1993 criminal proceedings. The district court properly screened the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11170

complaint in accordance with 28 U.S.C. § 1915A(a).  The district court found that Lara's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a favorable ruling would necessarily imply that his convictions were invalid.  The district court dismissed the case as frivolous and for failure to state a claim under § 1915A(b)(1).  We review the dismissal de novo.  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

On appeal, Lara goes through the procedural history of his claims and repeats his allegation that his 1993 conviction is void, but he has not provided any specific arguments challenging the district court's dismissal of his claims under § 1915A(b)(1) because they were barred by *Heck*.  When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Lara has failed to brief the *Heck* issue and has, thus, abandoned any challenge to the district court's dismissal of his claims under § 1915A(b)(1).  The judgment of the district court is affirmed.

Lara has filed a motion for a temporary restraining order or an injunction pending appeal.  Because Lara has failed to show that his is an exceptional case, his motion seeking injunctive relief pending appeal is denied.  *See Greene v. Fair*, 314 F.2d 200, 202 (5th Cir. 1963).

AFFIRMED; MOTION DENIED.