# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20389
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2017

Lyle W. Cayce
Clerk

CHARLES R. ADAMS,

Plaintiff-Appellant

v.

LIEUTENANT BAILEY; SERGEANT W. JOHNSTON; CORRECTIONAL OFFICER WALTSON,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2520

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Charles R. Adams, Texas prisoner # 1247914, appeals the jury verdict in favor of the defendants in a 42 U.S.C. § 1983 suit alleging excessive use of force and retaliation. He argues that the verdict was against the great weight of the evidence. Because Adams did not move before or after the verdict for a judgment as a matter of law, the sufficiency of the evidence supporting the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20389

verdict is reviewed for plain error to determine "whether there was any evidence to support the jury verdict." *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001). Defendants Johnston and Bailey testified that they used force on Adams, who was resisting being secured, in order to subdue him. They stated that they did not slam, kick, hit, elbow, or knee Adams. Johnston and Bailey also testified that they did not retaliate against Adams for exercising a constitutional right. The jury, as the trier of fact, is responsible for resolving conflicting evidence and determining witness credibility, and thus could choose to believe the defendants over the testimony of Adams and Officer Brooks. *See Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992). Based on that testimony, there was sufficient evidence to support the jury's verdict. *See Flowers*, 247 F.3d at 238.

Adams's motion for the appointment of counsel is denied, as he has not shown the existence of exceptional circumstances warranting such an appointment. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Adams's motion for a preliminary injunction and temporary restraining order is also denied because he has not shown that the instant case is an exceptional case. *See Greene v. Fair*, 314 F.2d 200, 202 (5th Cir. 1963). Adams's motion to expedite a ruling on his motion for an injunction is denied as moot. Finally, Adams's motion to suspend under Federal Rule of Appellate Procedure 2, which the Clerk's Office construed as motion for leave to file exhibits, is denied as unnecessary because the exhibits are contained in the district court record.

JUDGMENT AFFIRMED; MOTIONS DENIED.