# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40612
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2018

Lyle W. Cayce
Clerk

JASON J. HERNANDEZ,

Plaintiff−Appellant,

versus

GREG ABBOTT, Governor of the State of Texas;
BRYAN COLLIER, Executive Director,
   Texas Department of Criminal Justice;
ROBERT GRANT, Program Supervisor V
   of the Security Threat Group Management Office;
TOD HARRIS, Senior Warden,

Defendants−Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 9:17-CV-23

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40612

Jason Hernandez, Texas prisoner #1655115, challenges the denial of his motion for class certification. He filed a 42 U.S.C. § 1983 action alleging civil rights violations by state and prison officials against prisoners in solitary confinement at Polunksy Security Housing Unit. He contends that the district court abused its discretion when it denied class certification, and he questions the order of the magistrate judge ("MJ") severing the claims into separate suits and the denial of his motion for appointment of counsel. He also moves for a preliminary injunction on behalf of the class based on inadequate medical care and lack of access to courts; he seeks leave to amend that pleading.

A party wishing to appeal a denial of class certification must petition this court for leave to do so. FED. R. CIV. P. 23(f). We pretermit whether Hernandez has complied with that requirement because as we deny relief on other grounds. This court has wide discretion under Federal Rule of Civil Procedure 23 to permit an appeal from an order denying class certification. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1706 (2017). Hernandez has not made a showing that we should exercise that discretion. *See id.* at 1710. Because the parties did not consent to proceed before an MJ under 28 U.S.C. § 636(c)(1), the orders issued by the MJ are not directly appealable to this court. *See Donaldson v. Ducote*, 373 F.3d 622, 624−25 (5th Cir. 2004). Hernandez also has not shown that he is entitled to injunctive relief from this court in the first instance. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009); *Greene v. Fair*, 314 F.2d 200, 202 (5th Cir. 1963).

Permission to appeal the denial of class certification is DENIED. The appeal of the severance order and of the denial of counsel is DISMISSED for want of jurisdiction. Hernandez's motion for a preliminary injunction is DENIED, and his motion to amend is GRANTED. Any other outstanding motions are DENIED.