# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40362
Summary Calendar

————————

Mark Douglas Adams,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:21-CV-195

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Mark Douglas Adams, Texas prisoner # 1509320, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted and the magistrate judge's denial of several postjudgment motions. Additionally, Adams has filed motions asking this court to admit all motions, exhibits, amended complaints, and briefs; for the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appointment of counsel; for a preliminary injunction and a temporary restraining order; and for leave to file documents supporting the motion for injunctive relief.

As a threshold matter, we lack jurisdiction to consider any appeal from the magistrate judge's denial of Adams's postjudgment motions. *See Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004). Concerning the dismissal of his § 1983 action, Adams discusses only his claims alleging failure to protect, deliberate indifference to his medical needs, and excessive use of force. By his failure to brief, he has abandoned any challenge to the dismissal of his other claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Following de novo review, we AFFIRM. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "To establish a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Pratt v. Harris Cnty.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted). We discern no error in the dismissal of Adams's claims alleging failure to protect, *see Rogers v. Boatright*, 709 F.3d 403, 407-08 (5th Cir. 2013); deliberate indifference to Adams's medical needs, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994); and excessive use of force, *see Williams v. Banks*, 956 F.3d 808, 812 & n.11 (5th Cir. 2020); *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).

As for Adams's four appellate motions, he has not shown that exceptional circumstances exist warranting the appointment of counsel on appeal, *see Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991), or that he is entitled to injunctive relief, *see Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009); *Greene v. Fair*, 314 F.2d 200, 202 (5th Cir. 1963). Accordingly, we DENY his motions for the appointment of counsel

No. 22-40362

and for a preliminary injunction and a temporary restraining order. Adams's motion to admit all motions, exhibits, amended complaints, and briefs is DENIED as unnecessary. His motion for leave to file documents supporting the motion for injunctive relief is GRANTED. The referenced documents were considered in addressing Adams's motion for injunctive relief. No further filings from Adams are permitted by this ruling. Finally, Adams is reminded that he is BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015).