# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-20297
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 19, 2023

Lyle W. Cayce
Clerk

Raymond E. Carr,

*Plaintiff—Appellant*,

*versus*

City of Houston; Troy Finner; Kim Ogg; Scott Antowelle; P. R. Tyler, Et al.

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-188

_____

Before Higginbotham, Duncan, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Raymond E. Carr filed a pro se civil complaint while he was released from detention pursuant to a pretrial bond. The district court dismissed the lawsuit without prejudice after Carr failed to comply with its repeated orders to cure what the court viewed as misjoinder in Carr's proposed complaints. He now moves for leave to proceed in forma pauperis (IFP) from the district

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20297

court's dismissal. He additionally moves for the appointment of counsel, for injunctive relief pending appeal, for release pending appeal and an expedited ruling on the motion for release, and for compulsory mediation.

By moving for leave to proceed IFP, Carr is challenging the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3) that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The inquiry into whether an appeal is taken in good faith requires a brief consideration of the merits; a colorable claim—one that involves legal points arguable on the merits—is not frivolous. *Howard v. King*, 707 F.2d 215, 220–21 (5th Cir. 1983) (per curiam).

Carr has failed to brief any argument that addresses the district court's reasons for dismissing the suit and certifying that the appeal is not taken in good faith. He has therefore abandoned any challenge to the district court's certification decision, *see Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and failed to show that his appeal involves any arguably meritorious issues, *see Howard*, 707 F.2d at 220. Because he has not shown that his appeal involves a nonfrivolous issue, we DENY his motion to proceed IFP and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

We also DENY his motion for the appointment of counsel because he has not shown that his challenge to the certification decision presents exceptional circumstances that warrant appointing him counsel on appeal. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (per curiam). Further, we DENY his motion for injunctive relief pending appeal. *See* FED. R. APP. P. 8(a)(1)(A), (2)(A); *Greene v. Fair*, 314 F.2d 200, 202 (5th Cir. 1963) (per curiam). His remaining motions likewise are DENIED.

No. 22-20297

Carr is WARNED that future frivolous filings will invite the imposition of sanctions, which may include monetary sanctions or limits on his ability to file pleadings in this court or any court subject to this court's jurisdiction.