United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 9, 2004**

Charles R. Fulbruge III
Clerk

REVISED JULY 8, 2004

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-31122

---

JOHN DONALDSON

                    Plaintiff - Appellant

v.

RICHARD DUCOTE

                    Defendant - Appellee

---

Appeal from the United States District Court
for the Middle District of Louisiana

---

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:

        John Donaldson, Louisiana prisoner # 92968, has moved this
court for leave to proceed in forma pauperis (IFP) on appeal from
the district court's dismissal of his 42 U.S.C. § 1983 suit as
frivolous and for failure to state a claim under 28 U.S.C.
§ 1915(e)(2)(B).  In denying Donaldson's motion to proceed IFP on
appeal, the magistrate judge certified that the appeal is not
taken in good faith, relying on the reasons given by the district
court in its order dismissing Donaldson's complaint.  Donaldson
challenges the magistrate judge's decision.  For the reasons
given below, we hold that the magistrate judge did not have
jurisdiction to enter a final, appealable order under 28 U.S.C.

§ 1291, and we therefore remand Donaldson's motion to the district court.

Donaldson filed a § 1983 complaint with the district court alleging that Lieutenant Richard Ducote violated his Fourteenth Amendment right to due process by denying him a copy of the disciplinary report used against him in a prison disciplinary proceeding and by denying him a copy of the written summary of the disciplinary hearing. The complaint was referred to a magistrate judge, who recommended that the district court dismiss the case under § 1915(e)(2)(B) because Donaldson could not demonstrate that his disciplinary transfer to a maximum security cellblock implicated a constitutionally protected liberty interest. Donaldson objected to the magistrate judge's report and recommendation. After <u>de novo</u> review, the district court adopted the report and dismissed Donaldson's complaint both as frivolous and for failure to state a claim.

Donaldson timely filed a notice of appeal but did not pay the requisite filing fee, causing the magistrate judge to order that Donaldson either pay the fee or file a motion under Rule 24(a)(3) of the Federal Rules of Appellate Procedure to proceed as a pauper on appeal. Donaldson chose to file an IFP motion, which the magistrate judge denied under 28 U.S.C. § 1915(a)(3) because she found that Donaldson's appeal was not taken in good faith. See FED. R. APP. P. 24(a)(3). By moving this court for IFP status on appeal, see FED. R. APP. P. 24(a)(5), Donaldson is

challenging the magistrate judge's certification order.  See Baugh v. Taylor, 117 F.3d 197, 201-02 (5th Cir. 1997).  In this challenge, Donaldson does not argue that the magistrate judge lacked the authority to enter this certification order.  Nevertheless, because the magistrate judge's authority to enter a final, appealable order implicates this court's jurisdiction, "we must address it sua sponte even if it is not raised by the parties."  Caprera v. Jacobs, 790 F.2d 442, 444 n.2 (5th Cir. 1986); see also id. at 445 ("[W]hen the objection is to jurisdiction, it cannot be waived.").

In general, it is well established that a magistrate judge's order is not "final" within the meaning of § 1291 and may not be appealed to this court directly.  See Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir. 1984).  Ordinarily, "the recommendation of a magistrate judge is not a final decision and does not in any way 'dispose of' a party's claims."  United States v. Cooper, 135 F.3d 960, 963 (5th Cir. 1998) (discussing the general grant of authority to magistrate judges when a case is referred under 28 U.S.C. § 636(b)).  A party dissatisfied with a magistrate judge's decision may instead obtain relief by objecting to the magistrate judge's findings and recommendations, thereby compelling the district court to review his objections de novo.  See 28 U.S.C. § 636(b)(1)(C); Cooper, 135 F.3d at 962; cf. FED. R. CIV. P. 72(b).  Congress has created a limited exception to this rule: "Under 28 U.S.C. § 636(c)(1), a district court,

3

with the voluntary consent of the parties, may authorize a magistrate [judge] to conduct proceedings and enter final judgment in a case; such judgment is then appealable to the circuit court directly." Trufant, 729 F.2d at 309. Because this process requires the parties to waive their constitutional rights to an Article III judge, we have held that a case does not fall within the jurisdictional ambit of § 636(c) unless the parties' consent to proceed before a magistrate judge is "clear and unambiguous." Caprera, 790 F.2d at 444.[1]

After thoroughly reviewing the record, we find no evidence that Donaldson consented to the magistrate judge's jurisdiction to enter a final judgment on his right to appeal IFP. We will not infer consent merely from Donaldson's conduct in appealing directly from the magistrate judge's certification order--instead of first filing an objection with the district court--because the record does not reflect that he was notified of his right to withhold consent and retain his right to object to the magistrate

---

[1] Although the Supreme Court held, in Roell v. Withrow, 538 U.S. 580 (2003), that a party's consent to proceed before a magistrate judge under § 636(c) need not be express--i.e., the requisite consent can be inferred from the party's conduct--the Court did not alter our rule that the party's consent must be clear and unambiguous. Id. at 586 (holding that the parties had "'clearly implied their consent' by their decision to appear before the Magistrate Judge, without expressing any reservation, after being notified of their right to refuse and after being told that she intended to exercise case-dispositive authority").

4

judge's findings before the district court.[2]  See Roell, 538 U.S. at 587 n.4 (holding that "notice of the right to refuse the magistrate judge is a prerequisite to any inference of consent" under § 636(c)(2)).  Therefore, because the district court has not entered a final, appealable order adopting the magistrate judge's certification that the appeal is not taken in good faith, we do not have jurisdiction over Donaldson's motion to proceed IFP.  See id.; see also Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir. 1984); cf. Jones v. Johnson, 134 F.3d 309, 311 (5th Cir. 1998) (holding that, in cases not referred to a magistrate judge under § 636(c), "the pivotal question is whether a given duty assigned to a magistrate judge is subject to meaningful review by the district judge," and concluding that, when there "was insufficient provision for review" then the "magistrate judge's purported [decision] is inadequate to confer jurisdiction on this court").

Accordingly, we hold that Donaldson's motion to proceed IFP is premature and we REMAND the case to the district court for the limited purpose of reviewing the magistrate judge's certification that Donaldson's appeal is not taken in good faith and entering an appropriate order.  The Clerk of the district court shall

_____

[2]     Moreover, in its certification order, the magistrate judge specifically advised Donaldson that he could "challenge" the certification by filing a motion to proceed IFP "with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit."

5

supplement the record on appeal with a certified copy of that order. If the district court rules that Donaldson's appeal is not taken in good faith, we will treat Donaldson's existing motion as applicable to the district court's order and will then rule on the motion. We retain jurisdiction of Donaldson's appeal pending the district court's compliance with our limited remand.