United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31122

JOHN DONALDSON

Plaintiff - Appellant

v.

RICHARD DUCOTE

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
No. 03-CV-445-C

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

John Donaldson, Louisiana prisoner # 92968, has moved this court for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 suit with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). In denying Donaldson's motion to proceed IFP on appeal, the district court certified that the appeal was not taken in good faith. For the reasons given below, we hold that Donaldson's appeal is frivolous and therefore dismiss it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 5TH CIR. R. 42.2.

## I. Background

Donaldson is an inmate at the Louisiana State Penitentiary. On February 12, 2003 Donaldson was the subject of a disciplinary proceeding that resulted in him being transferred to a maximum-security working cellblock. On June 5, 2003, Donaldson filed a § 1983 complaint with the district court alleging that Lieutenant Richard Ducote, chairman of the disciplinary board, violated his Fourteenth Amendment right to due process by denying him a copy of the disciplinary report used against him in a prison disciplinary proceeding and by not providing him with a copy of the written summary of the disciplinary hearing. The complaint was referred to a magistrate judge, who recommended that the district court dismiss the case under § 1915(e)(2)(B) because Donaldson failed to show that his transfer violated a constitutionally protected liberty or property interest. Donaldson objected to the magistrate judge's report and recommendation. After de novo review, the district court adopted the report and dismissed Donaldson's complaint both as frivolous and for failure to state a claim.

Donaldson filed a notice of appeal but did not pay the requisite filing fee. In response, the magistrate judge ordered that Donaldson either pay the fee or file a motion under FED. R. APP. P. 24(a)(1) to proceed as a pauper on appeal; Donaldson

2

chose to file an IFP motion. The motion was referred to the magistrate judge who issued an order denying it under § 1915(a)(3) because she certified that Donaldson's appeal was not taken in good faith for the reasons stated in the district court's order denying Donaldson's complaint. See also FED. R. APP. P. 24(a)(3)(A). Donaldson subsequently moved this court for permission to proceed IFP on appeal. See FED. R. APP. P. 24(a)(5).

On appeal, this court held that Donaldson's motion to proceed IFP was premature because the magistrate judge did not have jurisdiction to enter a final, appealable order under 28 U.S.C. § 1291 for this court's review. Donaldson v. Ducote, 373 F.3d 622 (5th Cir. 2004). Therefore we remanded Donaldson's motion to the district court for the limited purpose of reviewing the magistrate judge's certification and to enter the appropriate order. Id. The district court subsequently certified that Donaldson's appeal was not taken in good faith for the reasons set forth in the magistrate report and accordingly issued an order denying Donaldson's motion to proceed IFP. By moving this court for IFP status on appeal, Donaldson is challenging the district court's certification order. See Baugh v. Taylor, 117 F.3d 197, 201-02 (5th Cir. 1997).


**II. Standard of Review**

We review de novo the lower court's certification that Donaldson's appeal is not taken in good faith. Cruz v. Hauck, 404 U.S. 59, 63 (1971) (per curiam); Baugh, 117 F.3d at 201 n.18. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." Cruz, 404 U.S. at 62; accord Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Although a plaintiff seeking IFP status need not demonstrate probable success on the merits, Jackson v. Dallas Police Department, 811 F.2d 260, 261 (5th Cir. 1986), his complaint will be deemed frivolous "if it lacks an arguable basis in law or fact." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Id. (quoting Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998)).

### III. Discussion

Donaldson alleges that he was denied due process at his disciplinary hearing and that this denial implicated his Fourteenth Amendment rights when he was transferred from "Class A Trusty" status to the maximum-security working cellblock (i.e., "lockdown") as punishment for a disciplinary infraction. Yet, after the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472 (1995), we have held that a prisoner's change in custody

status, "without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."  Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam) (emphasis added); see also Harper, 174 F.3d at 719.  To demonstrate a liberty interest, a prisoner must show either that his classification was imposed for disciplinary reasons and involves "atypical, significant" hardships that "present a dramatic departure from the basic conditions" of prison life, Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) (quoting Sandin, 515 U.S. at 486), or that the disciplinary classification "clearly impinge[s] on the duration of confinement."  Orellana v. Kyle, 65 F.3d 29, 31–32 (5th Cir. 1995).

Even when viewed liberally, Donaldson's complaint does not present a constitutionally cognizable argument on either basis. First, he does not allege any facts that might support an inference that his confinement in maximum security is excessively harsh when compared to the ordinary incidents of prison life. Second, instead of claiming that this disciplinary sanction will inevitably lengthen the duration of his sentence, Donaldson merely suggests that the presence of the disciplinary report in his prison record "greatly reduce[s] . . . the possibility of obtaining a reduction in his sentence" by the parole board. However, "speculative, collateral consequences" of prison decisions that may affect the timing of parole "do not create constitutionally protected liberty interests."  See Luken, 71

5

F.3d at 193 (stating that speculative, collateral consequences of prison administrative decisions such as the loss of the opportunity to earn good-time credits, which might lead to earlier parole, do not create constitutionally protected liberty interests).

Accordingly, because Donaldson presents no non-frivolous issues for appeal, we deny his motion to proceed IFP and dismiss his appeal under 5TH CIR. R. 42.2. See Baugh, 117 F.3d at 202 & n.24 (stating that "nothing prevents the appellate court from sua sponte dismissing the case on the merits pursuant to 5TH CIR. R. 42.2 when it is apparent that an appeal would be meritless.").

We also note that a prisoner is prohibited from bringing a civil action or from appealing a judgment under § 1915 if the prisoner has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. 28 U.S.C. § 1915(g). Both the district court's dismissal of Donaldson's complaint and this court's denial of Donaldson's motion count as "strikes" for the purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Donaldson that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

### III. Conclusion

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.