**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 16, 2005**

**Charles R. Fulbruge III**
Clerk

In the United States Court of Appeals

For the Fifth Circuit

_____

No. 04-41330

_____

JIMMY ROY DAVIDSON,

Plaintiff - Appellant

versus

VIRGINIA S. BUCHANAN; Dr. TIM REVELL, Regional Director Texas
Tech University Health Sciences Center Correctional Managed
Health Care; TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER;
UNIVERSITY TEXAS MEDICAL BRANCH; CORRECTIONAL MANAGEMENT HEALTH
CARE,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas

_____

(3:04-CV-408)

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Jimmy Roy Davidson appeals from the district court's dismissal
of his Section 1983 claim for failure to execute the appropriate
consents authorizing withdrawal of funds from his inmate trust
account for payment of the filing fee. After examining the basis
for our jurisdiction, we affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5th Cir. R. 47.5.4.

Davidson, an inmate housed at the Beto I Unit of the Texas Department of Criminal Justice-Institutional Division, filed suit under Section 1983 in April 2004 alleging that various defendants had denied him proper medical treatment for his liver disease and other health problems. On June 23, 2004, the case was transferred to the United States District Court for the Southern District of Texas, Galveston Division. On May 4, 2004, the district court ordered Davidson to pay an initial partial filing fee of $4.98 or show that he possessed insufficient assets or means to pay the fee within thirty days of receipt of the order. On July 20, 2004, a magistrate judge found that Davidson had failed to comply with this order, and recommended that his case be dismissed without prejudice.

Davidson filed a response to the magistrate judge's report and recommendation, and the district court deferred consideration until August 16, 2004, to allow Davidson time to make arrangements with prison officials to assure automatic collection of the filing fee from his inmate trust fund account as funds became available. On September 2, 2004, the district court denied Davidson's Motion for Reconsideration and Entry of Protective Order and dismissed his suit without prejudice, noting that it had received no notification from the Texas Department of Criminal Justice that Davidson had authorized the withdrawal of funds from his account.

Davidson filed a timely notice of appeal and an application

for leave to proceed *in forma pauperis*. A magistrate judge considered Davidson's motion to proceed IFP, and ordered Davidson to make appropriate arrangements to pay the initial partial filing fee pursuant to the Prisoner Litigation Reform Act of 1996, with full payment to be made from Davidson's inmate trust fund account "if and when sufficient funds exist." No further action was taken by the district court. The Government has not responded to Davidson's brief, nor objected to the magistrate's order granting IFP.

## II

Before addressing the merits of Davidson's arguments, we must first determine whether we have jurisdiction.[1] As a general rule, the findings of a magistrate judge are not final, appealable orders.[2] Here, the district court took no action following the magistrate judge's order granting Davidson's motion to proceed IFP. In *Donaldson v. Ducote*,[3] we held that we lacked jurisdiction to entertain a challenge to a magistrate judge's order denying an inmate's motion to proceed IFP. We observed that

> [o]rdinarily, the recommendation of a magistrate judge is not a final decision and does not in any way dispose of a party's claims. A party dissatisfied with a magistrate judge's decision may instead obtain relief by objecting

---

[1] *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 539 n.1 (2005) ("Although our jurisdiction is uncontested, we are duty-bound to examine it *sua sponte*.").

[2] *See Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984).

[3] 373 F.3d 622 (5th Cir. 2004).

to the magistrate judge's findings and recommendations, thereby compelling the district court to review his objections *de novo*.[4]

In addition, we found that the inmate challenging the magistrate judge's order had not given "clear and unambiguous" consent to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c)(1).[5] We remanded to the district court for the limited purpose of reviewing the magistrate judge's denial of IFP, and retained jurisdiction pending the district court's decision.

In the present case, there is no evidence in the record that Davidson gave consent to proceed before the magistrate judge. Thus, the magistrate judge's order granting IFP is neither final nor appealable. This fact has no bearing on our jurisdiction, however, because the magistrate judge's order granting Davidson's motion to proceed IFP has not been challenged by either party, and is not at issue in this appeal. Further, we have held that "[28 U.S.C. §] 1915(b) deals only with the administration of fees, not the jurisdiction of the courts."[6] Given that Davidson's status as a pauper is unchallenged, we decline to return this case to the district court for further consideration of a matter that is not at

---

[4] *Id.* at 624 (citations and internal quotation marks omitted).

[5] *Id.* at 624-25.

[6] *Jackson v. Stinnett*, 102 F.3d 132, 136 (5th Cir. 1996); *see also Garcia v. Silbert*, 141 F.3d 1415, 1417 n.1 (10th Cir. 1998) (stating that section 1915(g) is not jurisdictional and electing to reach the merits where section 1915(g) should have precluded claimant from appearing before the court without prepayment of fees); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996) (noting that remittance of filing fees is not jurisdictional).

issue in this appeal.[7]

                                    III

Turning to the merits, we find that Davidson has not shown that the district court abused its discretion by dismissing his claim without prejudice for failing to authorize the necessary withdrawals from his inmate trust fund account. Davidson claims that he diligently tried to comply with the district court's order regarding the payment of filing fees, but was thwarted by intransigent prison officials who refused to process his request. In addition, he claims that dismissal of his complaint on procedural grounds is prejudicial because he is suffering from severe hepatitis, and failure to grant relief on his Section 1983 claims will cause him irreparable harm.

In *Hatchet v. Nettles*, we held that when a prisoner has not complied with a district court's initial partial failing fee order within the applicable time period,

> the district court should take reasonable steps to ascertain whether the prisoner has complied with the order by allowing objections to a magistrate judge's report, issuing a show-cause order, communicating by telephone, fax, or e-mail with officials of the custodial institution, issuing an order to the custodial institution, or using any other method designed to obtain the relevant information. Any inquiry and any response should be made a part of the record to allow this court

---

[7] By declining to dismiss this appeal, we do not intimate that the parties' mutual silence regarding the district court's failure to take action with respect to the magistrate judge's order constitutes implied consent to proceed before the magistrate pursuant to 28 U.S.C. § 636(c). *See Roell v. Withrow*, 538 U.S. 580, 590 (2003) (finding that consent to proceed under § 636(c) may be implied when the parties are "made aware of the need for consent and the right to refuse it, and still voluntarily appear[] to try the case before the Magistrate Judge").

to review any subsequent dismissal. When a prisoner is allowed to file a response to a magistrate judge's report or a show-cause order, a sworn affidavit or unsworn declaration made under penalty of perjury under 28 U.S.C. § 1746, setting forth the details of his compliance or copies of any relevant consent forms ordinarily will be sufficient to avoid dismissal for failure to comply with an initial partial filing fee order.[8]

Here, the record indicates that the district court ordered Davidson to pay an initial partial filing fee of $4.98 on May 4, 2004. Following the magistrate judge's recommendation of dismissal, the district court entered an order on August 16, 2004, deferring consideration of the recommendation until August 27 in order to allow Davidson additional time to comply with the May 4 order.[9] On August 30, 2004, Davidson filed a motion in which he requested an extension of time until September 27, 2004, on ground that he was being "hindered in seeking access" to our court on account of his having filed a class action lawsuit that could result in "maximum liabilities to the potential defendants." On September 2, 2004, the district court dismissed Davidson's lawsuit, noting that it had received no notification from TDCJ that Davidson

---

[8] 201 F.3d 651, 654 (5th Cir. 2000). The Eleventh Circuit has explicitly approved of our approach in *Hatchet*, stating:
> We agree with the Fifth Circuit and hold that before dismissing a prisoner's complaint for failure to comply with an IFP order directing the prisoner to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915, the district court must take reasonable steps, such as those outlined by the Fifth Circuit, to determine whether the prisoner complied with the order by authorizing payment by prison officials.

*Wilson v. Sargent*, 313 F.3d 1315, 1321 (11th Cir. 2002).

[9] Davidson filed objections to the magistrate judge's report and recommendation on August 3, 2004. This filing did not contain any evidence that Davidson had complied with the May 4 order.

6

had authorized the necessary withdrawals from his inmate trust account. On September 9, 2004, Davidson filed a "Motion in Supplement of Motion [for] Reconsideration and Entry of Protective Order." Attached to the motion was a form entitled "Inmate Request for Withdrawal" directing TDCJ to transfer $4.98 from his inmate trust account to the United States District Court in Galveston. The form was dated August 23, 2004. Also attached was a handwritten note directing TDCJ to release on an "as available basis" the total filing fee of $150. The request had been returned to Davidson marked "balance is .14[$] not enough funds." There is no record evidence that the district court took any action with respect to this second motion.

Although Davidson belatedly made an unsuccessful attempt to comply with the district court's May 4 order, we find this effort insufficient to disturb the district court's dismissal order. Davidson was given ample time to successfully obtain the necessary authorization. Furthermore, this time was extended by the district court, and Davidson was permitted to file objections to the magistrate judge's report and recommendation. By the time the district court ordered his case dismissed, Davidson had been given nearly four months to authorize payment of the necessary fees. Given these facts, we cannot say that the district court's dismissal was an abuse of discretion.

AFFIRMED.