# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2011

Lyle W. Cayce
Clerk

No. 10-41172
Summary Calendar

ANTOINE SHOCKLEY,

Plaintiff-Appellant

v.

JOHN FOX, Warden; T C OUTLAW, Past Warden; RICARDO RIOS, Assistant Warden; G. MALDANEDO, Regional Director; HARRELL WATTS, National Inmate Appeals Administrator; RICARDO PIZARRO, Hospital Administrator; JOHN WOMBLE, Medical Doctor; DR. ANTONIO VILLASAN, Medical Doctor; UP HOLCOMBE, Medical Doctor; UP CHRISTI, Family Practioner Nurse,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-904

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Antoine Shockley, federal prisoner # 32469-044, appeals the dismissal of his Eighth Amendment claims against Bureau of Prison officials and medical personnel arising from his treatment for sickle cell anemia and sarcoidosis. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41172

asserted that he was denied pain medication prescribed by outside physicians and given other medications containing aspirin despite his known allergy to it.

Summary judgment in favor of the prison officials on exhaustion grounds was proper because there is no evidence in the record beyond Shockley's self-serving allegation that he filed an administrative appeal concerning his medical claims to the Office of General Counsel before filing the instant suit. *See* 28 C.F.R. § 542.15; 42 U.S.C. § 1997e(a). He offered no explanation for omitting a copy of the appeal, asserting only that the agency failed to respond. Moreover, the Bureau of Prisons's computerized records reflect no such appeal in the case.

Dismissal of the medical personnel was correct because Shockley failed to state a claim that they were deliberately indifferent to his serious medical needs, or that they knowingly disregarded a substantial risk of serious harm to his health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In his administrative grievances, Shockley conceded that he was denied the pain medications prescribed by outside physicians because prison policy did not allow narcotics to be administered to inmates. The response to Shockley's informal grievance explained that he was offered other medications, but that Shockley maintained that only narcotics would work. The warden's response also noted that Shockley previously was treated for narcotic withdrawals. Shockley's allegation that he was given medications containing aspirin despite his known allergy to it, if true, showed that medical personnel may have been, at most, negligent. However, Shockley failed to describe conduct that rose to the level of deliberate indifference to or wanton disregard of his serious medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The judgment of the district court is AFFIRMED.