# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2012

Lyle W. Cayce
Clerk

No. 11-40849
Summary Calendar

MARK GRANT,

Plaintiff-Appellant

v.

PHYSICIAN ASSISTANT DAVID FORTNER; LIEUTENANT CORRECTIONAL
OFFICER KIMBERLY J. PENTL; WARDEN 1 RICHARD A. MORRIS;
LIEUTENANT V. L. ALLEN; PROGRAM SUPERVISOR AMY D. JONES;
JAMIE WILLIAMS; DENISE BOX,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-447

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mark Grant, Texas prisoner # 807219, appeals the district court's grant
of summary judgment and dismissal of his 42 U.S.C. § 1983 action and the
denial of his motion for appointment of counsel. Grant argues that physician's
assistant David Fortner violated Grant's Eighth Amendment rights when
Fortner discontinued Grant's prescription for morphine without weaning Grant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

off of this drug. The district court held that Fortner was entitled to qualified immunity in his individual capacity and Eleventh Amendment immunity in his official capacity. Grant does not challenge the latter finding, nor does he challenge the district court's prior ruling dismissing his claims against the other defendants. Accordingly, he has abandoned such issues. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

We review a grant of summary judgment de novo, using the same standard as that employed by the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (citation omitted). When an official pleads qualified immunity as a defense, this alters the summary judgment burden of proof by shifting it to the plaintiff "who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citation omitted), *cert. denied*, 131 S. Ct. 2932 (2011).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain . . . in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (internal quotation marks and citation omitted). The failure to treat drug withdrawal symptoms may state a constitutional claim. *Pedraza v. Meyer*, 919 F.2d 317, 318–19 (5th Cir. 1990). Unsuccessful medical treatment, negligence, neglect, and medical malpractice do not give rise to a § 1983 action, and an inmate's disagreement with his medical treatment does not establish a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Grant concedes that at the time his prescription for morphine was discontinued in August 2010, he received a disciplinary charge for possessing two morphine pills in his cell. Although this disciplinary charge was later

overturned, it is undisputed that Fortner was aware of this charge at the time that he discontinued Grant's prescription. The evidence before the district court also showed that Grant had refused to attend a scheduled appointment with the doctor who had prescribed the morphine. Fortner averred that he did not believe that it was necessary to wean Grant off of the morphine because he believed that the only way Grant could have had morphine in his cell was by not ingesting his own prescription. He stated that there were no objective signs that Grant suffered from severe withdrawal syndrome after the morphine was discontinued, and he noted that when Grant was seen at the prison clinic after the prescription was discontinued, he was provided anti-nausea and pain medication. Dr. Steven Bowers, the Legal Coordinator and Director of the Continuing Medical Education Committee for the University of Texas Medical Branch-Correctional Managed Health Care, stated via affidavit that the symptoms exhibited by Grant following the discontinuation of his morphine prescription were inconsistent with someone suffering from withdrawal syndrome.

Grant failed to demonstrate that there is a genuine issue of material fact regarding whether Fortner was deliberately indifferent to his serious medical needs, as required to establish an Eighth Amendment violation based on medical treatment. *See Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994); *see also Shockley v. Fox*, 444 F. App'x 36, 37–38 (5th Cir. 2011) (upholding dismissal of claim that prison officials were deliberately indifferent where they did not fill a narcotic prescription because of prison policy but instead offered the inmate other medications). Accordingly, the district court did not err in granting Fortner's motion for summary judgment and dismissing the complaint.

We lack jurisdiction over the appeal from the magistrate judge's denial of Grant's motion for appointment of counsel because it is not a final order under 28 U.S.C. § 1291. *See* 28 U.S.C. § 636(b)(1)(A), (c)(1), (c)(3); *Donaldson v. Ducote*, 373 F.3d 622, 624–25 (5th Cir. 2004).

AFFIRMED in part and DISMISSED in part for lack of jurisdiction.