# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2013

Lyle W. Cayce
Clerk

No. 12-30396
Summary Calendar

JOE LOUIS CHAMPION,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; ERIC HOLDER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-1655

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joe Louis Champion, federal prisoner # 75103-079, appeals from the dismissal of his Federal Tort Claims Act suit alleging that the defendants negligently failed to protect him from an attack by another prisoner and that they provided him inadequate medical care for his resulting injuries. As his sole issue on appeal, Champion argues that the magistrate judge erred by denying his motions for appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30396

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A magistrate judge has authority to hear and determine pretrial matters, such as motions for appointment of counsel. *See* 28 U.S.C. § 636(b)(1)(A). However, a magistrate judge's orders are not final orders within the meaning of 28 U.S.C. § 1291 and may not be appealed to this court directly. *Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004). Because the parties did not consent to proceed before the magistrate judge, and because Champion did not challenge the denials of his motions for appointment of counsel in the district court, this court lacks jurisdiction to address the denials of those motions. *See id.* at 624-25. Accordingly, we DISMISS Champion's appeal for lack of jurisdiction. His motion for appointment of counsel is DENIED.