# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10410

LENROY MCLEAN,

Plaintiff-Appellant

v.

MYRON BATTS, Warden; LOUIS WILLIAMS, III, Assistant Warden; FNU BARTLETT, Captain; FNU SOLES, Lieutenant; MELISSA LLOYD, Nurse; FNU BELTRAN, Dentist; JORGE PARTIDA, Clinical Director; D. MOLINA, Counselor; FNU YARBAR, Case Manager; J. A. KELLER, Regional Director; HARRELL WATTS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CV-107

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lenroy McLean, federal prisoner # 61524-054, filed a complaint in which he asserted claims under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). McLean raised claims of deliberate indifference to his serious medical

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2016

Lyle W. Cayce
Clerk

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10410

needs, retaliation, sexual misconduct, confiscation of property, and due process violations arising out of a disciplinary proceeding.  The magistrate judge (MJ) dismissed the claims as frivolous and denied McLean's motion to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in good faith.  By moving for IFP status in this court, McLean is challenging the MJ's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

McLean's argument that the district court lacked authority to transfer his case to the MJ to conduct an evidentiary hearing is without merit.  *See* § 28 U.S.C. § 636(b)(1)(B).  McLean's argument that the MJ did not have authority to enter a final order in his case because he did not consent to proceed before the MJ is likewise without merit.  In particular, after McLean was admonished regarding his rights to proceed before the MJ, McLean consented in writing to proceed before the MJ, and he again consented at the evidentiary hearing.  In addition, by participating in the hearing, McLean implied his consent to proceed before the MJ.  *See Roell v. Withrow*, 538 U.S. 580, 586 (2003); *see also Donaldson v. Ducote*, 373 F.3d 622, 625 & n.1 (5th Cir. 2004).

McLean raises no argument that the MJ erred in dismissing his FTCA and *Bivens* claims.  Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  As McLean fails to identify any error in the MJ's analysis as to these claims, it is the same as if he had not appealed these issues.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, McLean's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  The IFP motion is DENIED, and the appeal is DISMISSED.  *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

No. 15-10410

The district court's dismissal of the complaint as frivolous and our dismissal of the appeal as frivolous count as "strikes" for purposes of the "three strikes" bar under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). McLean is WARNED that if he accumulates at least three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.