# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40802

FREDDIE FOUNTAIN, and all others similarly situated,

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2016

Plaintiff-Appellant

Lyle W. Cayce
Clerk

v.

JOHN RUPERT, Warden, Coffield Unit; VICKIE BARROW, Access to Courts Manager, Region II, Texas Department of Criminal Justice; GAYE KARRIKER, Law Library Supervisor, Coffield Unit; DANIEL WHITE, Investigator, Coffield Unit; ANISHA THOMPSON, LVN, UTMB Medical, Coffield Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-100

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Freddie Fountain, Texas prisoner # 1640115, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the magistrate judge's order denying his motions for the appointment of counsel in his civil rights case.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40802

We must examine the basis of our jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  A magistrate judge has authority to hear and determine pretrial matters, such as a motion for the appointment of counsel.  *See* 28 U.S.C. § 636(b)(1)(A).  Although an interlocutory order denying the appointment of counsel in a civil rights action may be appealed immediately, *Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985), to the extent that a litigant seeks to challenge such an order from a magistrate judge, he must first do so in the district court, unless the parties have consented to proceed before the magistrate judge, *see* § 636(b)(1)(A), (c)(1), (c)(3); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 219-20 (5th Cir. 2000).  Otherwise, we lack jurisdiction over the appeal.  *Donaldson v. Ducote*, 373 F.3d 622, 624-25 (5th Cir. 2004).

Because the parties did not consent to proceed before the magistrate judge and Fountain did not challenge the magistrate judge's order in the district court, we lack jurisdiction over the instant appeal.  *See id.*  Accordingly, the appeal is DISMISSED for lack of jurisdiction.  Fountain's motions for leave to proceed IFP on appeal, for the appointment of appellate counsel, for leave to supplement his appointment of counsel motion, for emergency leave to file an affidavit in support of his appointment of counsel motion, and for general relief including leave to file an unsworn declaration in support of his appointment of counsel motion are DENIED.  His implied letter request for the appointment of counsel is also DENIED.  Fountain's motion to place the affidavit attached to his IFP motion under seal is GRANTED.