# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41457
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2017

Lyle W. Cayce
Clerk

HOWARD F. CARROLL,

Plaintiff-Appellant

v.

JOHN RUPERT, Warden, Coffield Unit; MICHAEL ROARK, Lieutenant, Coffield Unit; MICHAEL COLLUM, Lieutenant, Coffield Unit; GUY FERGUSON, Lieutenant, Coffield Unit; BRETT BUCKLEY; et al,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-569

Before BENAVIDES, PRADO, and COSTA, Circuit Judges.

PER CURIAM:*

Howard F. Carroll, Texas prisoner # 1067360, appeals the dismissal, without prejudice, of his 42 U.S.C. § 1983 complaint for want of prosecution and failure to obey an order. Carroll argues that the district court erred in dismissing his complaint. He also challenges the magistrate judge's (MJ's)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of his motion for appointment of counsel. He further requests the appointment of appellate counsel.

Under Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or obey a court order. FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). A Rule 41(b) dismissal is reviewed for abuse of discretion. *McCullough*, 835 F.2d at 1127. "Our review is more exacting where . . . the dismissal is without prejudice but the applicable statute of limitations probably bars future litigation." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (internal quotation marks and citation omitted).

Because Carroll would be time barred from refiling his excessive use of force claims, the district court's dismissal without prejudice should be treated as a dismissal with prejudice. *See id.*; *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). "A dismissal with prejudice will be affirmed only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Coleman*, 745 F.3d at 766.

The district court's dismissal of Carroll's complaint was based on his failure to comply with the MJ's July 31, 2015, order requiring him, within 14 days of receipt of the order, to pay the initial partial filing fee of $13.10 or offer an explanation for failing to pay the fee. Noncompliance with a single court order, however, does not amount to a clear record of delay, i.e., "significant periods of total inactivity." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992) (internal quotation marks and citation omitted). The record indicates that Carroll did not fail to comply with the MJ's order because he did not receive the order until August 25, 2015. Within 14 days of receipt of the order, Carroll filed, among other things, his most recent inmate trust account

No. 15-41457

statement showing an account balance of zero. Furthermore, Carroll's actions do not show a "stubborn resistance to authority" that is the hallmark of contumacious conduct. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation marks and citation omitted). Rather, Carroll's actions reveal that he made a good faith effort to comply with the MJ's order. Because there is no clear record of delay or contumacious conduct, we vacate the district court's judgment and remand the case for further proceedings.

Carroll also contends that the MJ erred by denying his motion for appointment of counsel. We must examine the basis of our jurisdiction, sua sponte, if necessary. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A magistrate judge has authority to hear and determine pretrial matters, such as a motion for the appointment of counsel. *See* 28 U.S.C. § 636(b)(1)(A). However, a magistrate judge's orders are not final orders within the meaning of 28 U.S.C. § 1291 and may not be appealed to this court directly. *See Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004). Because Carroll did not consent to proceed before the MJ and he did not challenge the MJ's order in the district court, we lack jurisdiction to address the MJ's denial of his motion for appointment of counsel.

Accordingly, the appeal is DISMISSED in part for lack of jurisdiction. The district court's judgment is VACATED, and the case is REMANDED for further proceedings. Carroll's request for appointment of appellate counsel is DENIED.