# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41445

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2017

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

JAMES DOUGLAS NICHOLS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-56
USDC No. 4:09-CR-222-2

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

James Douglas Nichols, federal prisoner # 16570-078, filed a 28 U.S.C. § 2255 motion to vacate his sentence for conspiracy to possess with intent to distribute heroin. Nichols seeks a certificate of appealability (COA) and leave to proceed in forma pauperis (IFP) to appeal the magistrate judge's order closing his case administratively. This court must examine the basis of its jurisdiction, sua sponte, if necessary. *See Mosley v. Cozby*, 813 F.2d 659, 660

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41445

(5th Cir. 1987). A magistrate judge has authority to hear and determine pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A). As a general rule, an order issued by a magistrate judge is not a final order appealable to this court. *See Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004); *see also Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989) (noting that appellate courts are without jurisdiction to hear appeals directly from federal magistrate judges). Additionally, the constitution does not permit a magistrate judge to enter a final judgment in a § 2255 proceeding. *United States v. Johnston*, 258 F.3d 361, 372 (5th Cir. 2001). We lack jurisdiction to address this appeal. *See Donaldson*, 373 F.3d at 624. Accordingly, we deny Nichols's two motions as moot.

APPEAL DISMISSED; MOTIONS DENIED AS MOOT.