# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51313

ALEC JARAUN HOWARD,

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2017

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

ASSISTANT WARDEN BRIAN P. BLANCHARD, Individually and in his Official Capacity; ASSISTANT WARDEN JIMMY SMITH, Individually and in his Official Capacity; WARDEN EDWARD SMITH, Individually and in his Official Capacity; REGIONAL DIRECTOR GILBERT CAMPUZANO; ASSISTANT REGIONAL DIRECTOR F. FUSTER; ET AL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CV-327

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alex JaRaun Howard, Texas prisoner # 1684856, moves this court for leave to proceed in forma pauperis (IFP) in this interlocutory appeal of the magistrate judge's denial of his request for appointed counsel. We must always

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51313

be cognizant of our jurisdiction and must examine this issue sua sponte if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

We have jurisdiction to review only final decisions and specific types of interlocutory orders that are covered by the collateral order doctrine. *See* 28 U.S.C. §§ 1291, 1292; *Davis v. East Baton Rouge Parish Sch. Bd.*, 78 F.3d 920, 925-26 (5th Cir. 1996). Unless the parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1), an order issued by a magistrate judge is typically not a final order directly appealable to this court. *Donaldson v. Ducote*, 373 F.3d 622, 624–25 (5th Cir. 2004). Because Howard did not so consent, the magistrate judge's denial of his IFP motion is not a final appealable order, and his IFP motion in this court is premature. *See id.*

The magistrate judge's denial of Howard's request for appointed counsel likewise is not a final appealable order. A district court's order denying the appointment of counsel in a civil rights action may be appealed immediately. *Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985). However, if a litigant seeks to challenge a magistrate judge's denial of a request for counsel, he must first do so in the district court, unless the parties have consented to proceed before the magistrate judge. *See Fountain v. Rupert*, 654 F. App'x 195, 195 (5th Cir. 2016). Because Howard did not appeal the magistrate judge's denial of his request for appointed counsel to the district court, this court lacks jurisdiction to consider Howard's interlocutory appeal from that order. *Id.*

Howard's IFP motion is DENIED, and this appeal is DISMISSED for want of jurisdiction.