# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHAN ANDRES RAMIREZ-IBANEZ,

Defendant -Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CV-551
USDC No. 4:13-CR-288-1

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Johan Andres Ramirez-Ibanez, federal prisoner # 23370-078, pleaded guilty to conspiracy to commit money laundering and was sentenced to 135 months of imprisonment. He filed a 28 U.S.C. § 2255 motion challenging this conviction, which is currently pending under the civil docket number above. In that action, he filed numerous motions, including a motion for transcripts, a motion for a continuance and extension of time, a motion for leave of court to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

present double-sided documents, a motion for a protective order, and a motion for leave to proceed in forma pauperis (IFP).  The magistrate judge denied his motions in a single order, and he timely appealed.  In addition, Ramirez-Ibanez filed motions for transcripts and for a protective order under the above criminal docket number, which the district court denied.  He also timely appealed those orders.

This court must examine the basis of its own jurisdiction, sua sponte, if necessary.  *Trent v. Wade*, 776 F.3d 368, 387 (5th Cir. 2015).  "In general, it is well established that a magistrate judge's order is not 'final' within the meaning of [28 U.S.C.] § 1291 and may not be appealed to this court directly."  *Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004).  Further, there is no evidence that this matter is proceeding before the magistrate judge by consent under 28 U.S.C. § 636(c)(1).  Thus, the magistrate judge's order denying Ramirez-Ibanez's motions is not a final, appealable order, and we do not have jurisdiction to consider his appeal of it.  *See id.* at 624-25.

We also lack jurisdiction over the district court's orders denying Ramirez-Ibanez's motions for transcripts and protective orders filed under the criminal docket number.  To the extent that the motions relate to Ramirez-Ibanez's § 2255 motion, the orders are not appealable.  *See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enter.*, 170 F.3d 536, 538-39 (5th Cir. 1999); *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993).  To the extent that the motions were not related to his § 2255 motion, they were meaningless, unauthorized motions because they sought no relief that was available in his now closed criminal proceeding.  *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

Ramirez-Ibanez's appeal is DISMISSED for lack of jurisdiction.  In view of the foregoing, his motion for leave to proceed IFP on appeal is DENIED.  His motion for recusal of the district court judge, motion for recusal of the assistant

No. 18-40023

United States attorney, and motion for this court to invoke its supervisory authority over the district court are also DENIED. Ramirez-Ibanez is CAUTIONED that filing frivolous, repetitive, or otherwise abusive appeals may invite sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.